IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RALF ROESSLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-3430-SSA-CV-S-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Ralf Roessler seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on October 16, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Ralf Roessler claims disability due to multi-level lumbar spine disease, degenerative disc disease and radicular pain.  Roessler alleges the residual functional capacity (RFC) determination of the Administrative Law Judge (ALJ) precludes all work for plaintiff.  Plaintiff alleges the ALJ erred in finding that plaintiff could do jobs which exist in significant numbers in the national economy.  The Commissioner argues there is substantial evidence in the record to support the ALJ's finding that plaintiff was not precluded from doing all work, and therefore, is not disabled as defined by the Social Security Act.

Upon review, this Court finds there is not substantial evidence in the record to support the decision of the ALJ.  This is because the record in this case is incomplete.  The Court cannot determine from the ALJ's decision whether plaintiff's RFC did or did not preclude all work.  This is based on two issues.  First, the Court cannot determine what exact work functions the ALJ's RFC "requir[ing] a noncaptive position that permits him to alternate sitting or standing," precludes.  Plaintiff argues this RFC requires him to be able to generally move from standing and sitting throughout the day as needed.  The Commissioner argues the RFC is consistent with jobs which allow alternating from sitting and standing once or twice an hour.  Second, because multiple portions of the transcript from the hearing have been transcribed as "inaudible," the

2

Court cannot determine the exact nature of the ALJ's hypotheticals and the response by the vocational expert (VE). Specifically, the Court cannot determine whether the hypotheticals posed by the ALJ to the VE required plaintiff to move from standing to sitting generally throughout the day, and thereby, pursuant to the alleged testimony of the VE, would preclude plaintiff from all work.

## Conclusion

Therefore, after carefully reviewing the record, this Court finds the administrative record is not sufficiently developed to make a determination as to Roessler's disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is, therefore, remanded for further development of evidence in the form of (1) the ALJ clarifying the limitations set forth in the RFC, specifically, the requirement that plaintiff be limited to a "noncaptive position"; and (2) based on such clarified RFC, the ALJ clarify the hypotheticals and the VE clarify whether such hypotheticals preclude all work or if there are jobs that plaintiff can perform which exist in significant numbers in the national economy.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner, pursuant to Sentence 4, for further consideration and development of the record.

Dated this 15th day of November, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge